IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:17-cv-690

| | |
|---|---|
| DURHAM PUBLIC SCHOOLS BOARD OF EDUCATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) **ANSWER TO THE COMPLAINT** |
| O.V., a minor, by and through his parents, P.V. and M.P., | )<br>)<br>)<br>) |
| DEFENDANTS. | )<br>) |

COME NOW Defendants O.V., by and through his parents, P.V. and M.P., in the above-captioned cause of action and hereby answers Plaintiff's Complaint as follows. Defendants deny each and every allegation of Plaintiff's Complaint that is not specifically admitted in this Answer.

### I. INTRODUCTION

1. The allegations contained in Paragraph 1 of the Introduction to Plaintiff's Complaint are not directed at Defendant and/or contain conclusions of law to which no response is required. To the extent a response is required to any factual allegations contained in Paragraph 1 of the

1

Introduction to Plaintiff's Complaint, Defendants deny those assertions.

2. The allegations contained in Paragraph 2 of the Introduction to Plaintiff's Complaint are not directed at Defendant and/or contain conclusions of law to which no response is required. To the extent a response is required to any factual allegations contained in Paragraph 2 of the Introduction to Plaintiff's Complaint, Defendants deny those assertions.

3. The allegations contained in Paragraph 3 of the Introduction to Plaintiff's Complaint are not directed at Defendant and/or contain conclusions of law to which no response is required. To the extent a response is required to any factual allegations contained in Paragraph 3 of the Introduction to Plaintiff's Complaint, Defendants deny those assertions.

4. The allegations contained in Paragraph 4 of the Introduction to Plaintiff's Complaint are not directed at Defendant and/or contain conclusions of law to which no response is required. To the extent a response is required to any factual allegations contained in Paragraph 4 of the Introduction to Plaintiff's Complaint, Defendants deny those assertions.

5. The allegations contained in Paragraph 5 of the Introduction to Plaintiff's Complaint are not directed at Defendant and/or contain conclusions of law to which no response is required. To the extent a response is required to any factual allegations contained in Paragraph 5 of the Introduction to Plaintiff's Complaint, Defendants deny those assertions.

## II. JURISDICTION AND VENUE

1. Paragraph 1 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required to any factual allegations contained in Paragraph 1 of the Jurisdiction and Venue section of Plaintiff's Complaint, Defendants deny those assertions.

2. Paragraph 2 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required to any factual allegations contained in Paragraph 2 of the Jurisdiction and Venue section of Plaintiff's Complaint, Defendants deny those assertions.

3. Paragraph 3 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required to any factual allegations contained in Paragraph 3 of the Jurisdiction and Venue section of Plaintiff's Complaint, Defendants deny those assertions.

### III.  THE PARTIES

4. Admitted.

5. Admitted.

6. Admitted.

### IV.  PROCEDURAL BACKGROUND

7. Admitted.

8. Admitted.

9. Denied.

10. Denied.

11. Admitted the parties entered into a settlement agreement on November 26, 2014. Defendants deny the remaining allegations contained in this paragraph.

12. Admitted.

13. Admitted Defendants filed a new petition for a contested case hearing on August 13, 2015. Defendants deny the remaining allegations contained in this paragraph.

14. Admitted.

15. Admitted.

16. Admitted Administrative Law Judge Augustus B. Elkins granted the Board's motion for partial summary judgment on January 6, 2016. Defendants deny the remaining allegations contained in this paragraph.

17. Admitted a hearing on the merits took place over fourteen (14) days between February 16, 2016 and August 30, 2016. Defendants deny the remaining allegations, as written, contained in this paragraph.

18. Admitted.

19. Admitted.

20. Admitted the State Hearing Review Officer (SHRO), Lisa Lukasik, issued her decision on April 26, 2017. Defendants deny the remaining allegations, as written, contained in this paragraph.

21. Admitted.

22. The allegation in this paragraph is a legal conclusion to which no response is required.

## V. FACTS

*Background*

23. Admitted O.V. was nine (9) years old and entering the third (3rd) grade at Hillandale Elementary School at the time of the filing of the 2015 Petition. Defendants deny the remaining allegations contained in this paragraph.

24. Admitted.

25. Admitted.

4

26. Admitted O.V. has been diagnosed with Down syndrome. Defendants deny the remaining allegations contained in this paragraph.

27. Admitted.

28. Denied.

29. Admitted.

*The 2014-15 IEP*

30. Admitted the August 21, 2014 IEP contained nine (9) academic and functional goals related to speech/language, math, reading, writing, work completion, and adapted physical education. Defendants deny the remaining allegations contained in this paragraph.

31. Denied.

32. Denied.

33. Admitted the August 21, 2014 IEP included numerous supplementary aids and services in different subjects. Defendants deny the remaining allegations contained in this paragraph.

34. Denied.

35. Admitted the August 21, 2014 IEP provided for special education service delivery as follows: Adapted Physical Education twice per week for 45 minutes in the gym, daily living skills five times per week for 30 minutes in the special education classroom, math five times per week for 60 minutes in the special education classroom, math five times per week for 15 minutes in the general education classroom, reading five times per week for 45 minutes in the special education classroom, reading five times per week for 30 minutes in the general education classroom, and writing five times per week for 35 minutes in the special education classroom. Defendants deny the remaining allegations contained in this paragraph.

36. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.

37. Admitted.

38. Denied.

39. Admitted.

40. Admitted Ms. Haase and Ms. Allen are both licensed special education teachers. Defendants deny the remaining allegations contained in this paragraph.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted.

46. Denied.

47. Denied.

*The Proposed 2015-16 IEP*

48. Admitted.

49. Denied.

50. Admitted the school staff proposed moving 45 minutes of specialized instruction that O.V. had received in the general education classroom in 2014-15 into the special education classroom with Ms. Bunn. Defendants deny the remaining allegations contained in this paragraph.

51. Admitted O.V.'s parents preferred to maintain the 2014-15 service delivery plan. Defendants

deny the remaining allegations contained in this paragraph.

52. Denied.

53. Denied.

54. Denied.

*The Private Placement*

55. Denied.

56. Denied.

57. Admitted.

58. Admitted O.V.'s teacher at Pinewoods did not testify at the hearing. Defendants deny the remaining allegations contained in this paragraph.

59. Denied.

60. Admitted O.V.'s parents claimed O.V. was making progress at Pinewoods. Defendants deny the remaining allegations contained in this paragraph.

61. Admitted the Board's expert, Dr. Kristen Bell, observed O.V. in his private school setting. Defendants deny the remaining allegations contained in this paragraph.

*The Administrative Law Judge's Decision*

62. Admitted M.P., P.V., and the head of school of Pinewoods testified as fact witnesses for O.V. Admitted Dr. Jennifer Kurth and Dr. Ann Marie Orlando testified as expert witnesses for O.V. Defendants deny the remaining allegations contained in this paragraph.

63. Admitted.

64. Admitted.

65. Denied.

66. Denied.

67. Admitted ALJ Lassiter repeatedly limited the weight of O.V.'s witnesses' testimony. Defendants deny the remaining allegations contained in this paragraph.

68. Denied.

69. Admitted ALJ Lassiter noted Dr. Kurth opined that there was "simply not enough data to make any decisions with," (citation omitted), and that statistical analysis would be "invalid due to the small sample size." Defendants deny the remaining allegations contained in this paragraph.

70. Denied.

71. Denied.

72. Admitted ALJ Lassiter stated "numerical data alone does not define academic, social, or functional progress." Defendants deny the remaining allegations contained in this paragraph.

73. Denied.

74. Admitted.

*The State Hearing Review Officer's Decision*

75. Admitted.

76. Admitted.

77. Admitted.

78. Denied.

79. Admitted.

80. Denied.

81. Denied.

8

82. Admitted the SHRO declared Dr. Kurth to be a "prolific" and "thoughtful" academic. Defendants deny the remaining allegations contained in this paragraph.

83. Admitted the SHRO reversed ALJ Lassiter's finding that the IEP team's decision to move 45 minutes of core academic instruction to the special education classroom was justified and appropriate. Defendants deny the remaining allegations contained in this paragraph.

84. Denied.

85. Denied.

86. Admitted.

87. Denied.

## VI. CLAIM FOR RELIEF

88. Defendants admit Plaintiff seeks relief from the State Hearing Review Officer's decision to reverse the Administrative Law Judge's decision on the issue of the appropriateness of the May 20, 2015 IEP, but deny Plaintiff's entitlement to any such relief.

89. Denied.

90. Denied.

91. Denied.

WHEREFORE, Defendants respectfully request that this Court:

Respectfully submitted this the __2nd__ day of October, 2017

/s/ Stacey Gahagan
Stacey Gahagan
The Gahagan Law Firm, PLLC
3326 Durham Chapel Hill Boulevard, Suite 210-C
Durham, North Carolina 27707
(919) 942-1430
stacey@gahaganlaw.com
N.C. State Bar No. 44393